ACCEPTED
15-24-00074-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/24/2025 4:28 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00074-CV

# In the Court of Appeals for the Fifteenth Judicial District Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/24/2025 4:28:36 PM
CHRISTOPHER A. PRINE
Clerk

———

JANE NELSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF TEXAS

*Appellant,*

*v,*

WOODWARD ET AL.

*Appellees,*

———

On Appeal from the
200th Judicial District Court, Travis County

———

**APPELLEES' MOTION FOR REHEARING**

———

MICHELLE PIQUÉ     SHARON JOROLAN     SHANNON HUGGINS
*Pro Se Appellees*

# Table of Contents

*Table of Authorities*.................................................................... 3

*Introduction*.............................................................................. 5

*Grounds for Rehearing*............................................................. 6

*Argument*.................................................................................. 8

    I. The Court's opinion departs from appellate and supreme court precedent, overturns the district court's correct interpretation and expands beyond the statutory text and its jurisdictional authority. .............................................................. 8

    II. The Court's opinion undermines the legislative intent of Tex. Elec. Code § 233, potentially nullifying the ability for the public to contest measures................................14

    III. The Court Erred in Finding Petitioners Failed to Plead a Valid Election Contest. ..17

    IV. The Court's ruling risks inconsistent application of election contest standing across Texas courts. ...........................................................................19

    V. The Court's Ruling Violates Due Process by Denying Appellees' Statutory Right to Contest the Election. .....................................................................20

*Prayer*.....................................................................................20

*Certificate of Compliance*......................................................22

*Certificate of Service*............................................................23

# Table of Authorities

**Cases**

*Andrade v. NAACP of Austin*, 345 S.W.3d 1 (2011)......................................... 10

*Blum v. Lanier*, 997 S.W.2d 259 (Tex. 1999) ......................................... 17, 20, 21

*Dacus v. Parker*, 466 S.W.3d 820 (Tex. 2015) ................................... 6, 11, 13, 16

*De Shazo v. Webb*, 113 S.W.2d 519 (1938) ...................... 6, 8, 10, 11, 12, 14, 16

*Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566 (Tex. 2013) ................. 10, 13

*In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455 (Tex. 2011) ........................... 20

*In re Morris*, 663 S.W.3d 589 (Tex. 2023)................................................ 6, 11, 13

*Jorolan v Eads,* 2025 WL 628340 ................................... 6, 11, 15, 16, 17, 19, 20

*Nelson v. Eubanks*, 2024 WL 4886621........................................................... 5, 10

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ....... 15

*True Tex. Project v. Nelson*, 685 S.W.3d 187 (Tex. App.—Amarillo 2024, no
  pet.)................................................................................................. 6, 13, 16, 20

*Univ. of Tex. Med. Sch. at Hous. v. Than, 901 S.W.2d 926 (Tex. 1995)* ........... 21

**Statutes**

Tex. Elec. Code § 11.002 ............................................................................... 14

Tex. Elec. Code § 221.003 ........................................................................ 18

Tex. Elec. Code § 232.002 ........................................................................ 16

Tex. Elec. Code § 233.002 ......................................... 8, 11, 13, 14, 15, 16, 20, 21

**Constitutional Provisions**

Tex. Const. art. I, § 19 ............................................................................ 21

Tex. Const. art. V, § 8 ............................................................................. 11

Tex. Const. art. VI, § 4 ........................................................................... 17

U.S. Const. Art. III ............................................................................ passim

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT:

Appellees Michelle Piqué, Shannon Huggins, and Sharon Jorolan file this Motion for Rehearing pursuant to TRAP 49.1, respectfully requesting this Court to reconsider its April 10, 2025, order reversing the trial court's denial of the plea to the jurisdiction and dismissing Appellees' election contest for lack of standing. In support thereof, Appellees show the following:

## Introduction

On November 14, 2023, Appellees filed an election contest under Tex. Elec. Code § 233, challenging the results of the November 7, 2023, election on Proposition 8, alleging that certain electronic voting systems were improperly certified, and that Title 8 of the Texas Election Code was unconstitutional.

On April 10, 2025, this Court reversed the trial court's denial of the Appellants' plea to the jurisdiction, dismissing the contest for lack of standing and failure to plead a valid election contest, relying on *Nelson v. Eubanks*, No. 15-24-00037-CV, 2024 WL 4886621 (Tex. App.—15th Dist.,

Nov. 26, 2024, pet. denied); *Nelson v. Woodward et al.*, 2025 WL 996384, at 3-5.

Appellees respectfully submit that this Court erred in its standing determination by applying federal Article III standing principles, which have never been required in Texas election contests throughout the state's history. The Second Court of Appeals' decision in *Jorolan v. Eads*, No. 02-23-00338-CV, 2025 WL 1006847 (Tex. App.—Fort Worth, Feb. 26, 2025), The Seventh Court of Appeals' decision *in True Tex. Project v. Nelson*, 685 S.W.3d 187 (Tex. App.—Amarillo 2024, no pet.) and Texas Supreme Court precedent in *De Shazo v. Webb*, 113 S.W.2d 519 (Tex. 1938), *Dacus v. Parker*, 466 S.W.3d 820 (Tex. 2015), and *In re Morris*, 663 S.W.3d 589 (Tex. 2023) confirm that qualified voters have statutory standing under § 233.002 without the need to demonstrate a concrete, particularized injury.

## Grounds for Rehearing

1. The Court Erred in denying Appellees standing, and dismissing their election contest, by erroneously applying federal Article III standing requirements and ignoring Texas's statutory and constitutional framework for election contests, and overstepped its appellate

6

authority in overturning the district court's correct interpretation of standing law.

2. The Court's egregious and unprecedented misapplication of Article III standing in election contests, brazenly undermines the legislative intent of Tex. Elec. Code § 233.002, obliterating the ability to meaningfully challenge elections for measures in Texas and subverts the fundamental public policy of safeguarding electoral integrity.

3. The Court erred in finding Appellees failed to plead a valid election contest when Appellees alleged in their petition that all votes cast on improperly certified electronic voting machines are illegal votes, making the true outcome unascertainable.

4. The Court's ruling creates an inconsistent application of election contest standing across Texas Appellate courts and undermines the Texas Supreme Court's directive to ensure uniform statutory interpretation.

**5.** The Court's Ruling Violates the Appellees' right to Due Process by depriving them of their statutory right to contest the election under Tex. Elec. Code § 233.002.

# ARGUMENT

Standing in an election contest for a measure is governed by Tex. Elec. Code § 233.002, which grants any qualified voter in the election's territory the right to contest its outcome, and for an office by § 232.002, which grants candidates standing. Constitutional standing principles under the Texas Constitution, for election contests, do not require a concrete, particularized injury distinct from the public at large, as federal Article III standing has never been applied in Texas election contests. See *De Shazo*.

## I. The Court's opinion departs from appellate and supreme court precedent, overturns the district court's correct interpretation and expands beyond the statutory text and its jurisdictional authority.

The Court Erred in denying Appellees standing, and dismissing their election contest, by erroneously applying federal Article III standing requirements and ignoring Texas's statutory and constitutional framework for election contests, exceeding its jurisdictional authority. The 200th Judicial District Court correctly denied Appellant's plea to the jurisdiction, recognizing that Appellees, as qualified voters under Tex. Elec. Code § 11.002, have statutory standing to contest the November 7, 2023, election on Proposition 8 pursuant to Tex. Elec. Code § 233.002, without requiring a

particularized injury. *See Appellee's brief at 26-30.* This ruling aligned with over a century of Texas precedent, including *De Shazo v. Webb*, 113 S.W.2d 519 (1938), which holds that election contests are legislative proceedings governed by state law, not federal constitutional standards. By reversing this sound decision and imposing a federal Article III standing requirement, the Fifteenth Court acted ultra vires, usurping the Texas Legislature's authority to define standing for election contests, defying binding Texas Supreme Court precedent, and overstepping its appellate mandate to defer to the district court's proper application of law.

This Court dismissed Appellees' election contest for lack of standing, holding that they failed to allege "specific, particularized injuries" that were "actual or imminent, not conjectural or hypothetical," invoking federal Article III standing principles. *Nelson v. Eubanks*, 2024 WL 4886621, at 7 (citing *Andrade v. NAACP of Austin*, 345 S.W.3d 1 (2011); *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566 (Tex. 2013)); *Nelson v. Woodward et al.*, 2025 WL 996384, at 4. In the entire history of Texas, no court has ever applied Article III standing to an election contest, as these are legislative proceedings governed by state law, not federal constitutional requirements. *De Shazo v.*

9

*Webb*. The district court's denial of the plea to the jurisdiction adhered to this principle, correctly applying *De Shazo, Dacus*, and *Morris*, which affirm that § 233.002 grants standing to qualified voters without additional injury requirements. The Fifteenth Court's reversal, however, introduced a novel federal standard unauthorized by Tex. Elec. Code § 233.002, effectively rewriting the statute and encroaching on the Legislature's exclusive authority to define election contest procedures.

The Second Court of Appeals in *Jorolan* explicitly rejected the application of federal standing principles, holding that § 233.002[1] grants qualified voters standing to contest elections on measures without requiring a concrete, particularized injury distinct from the public at large. *Jorolan v Eads,* 2025 WL 628340 at 7. This holding rests on *De Shazo*, where the Texas Supreme Court ruled that Tex. Const. art. V, § 8[2], amended in 1891, to confer

---

[1] Sec. 233.002. CONTESTANT. One or more qualified voters of the territory covered by an election on a measure may contest the election.

[2] "Although Article V, Section 8 was amended in 1985 to remove the phrase "contested elections" from its general jurisdictional purview as part of the legislature's codification of the Election Code, *see* Tex. Const. art. V, § 8 (amended 1985), we have found no authority that suggests any legislative intent to divest the district courts of jurisdiction to hear such contests. *See In re Oncor Elec. Delivery Co.*, 630 S.W.3d 40, 44 (Tex. 2021) (orig. proceeding) ("A district court has subject-matter jurisdiction to resolve disputes unless the Legislature divests it of that jurisdiction."). Indeed, forty years of election-contest practice in the district courts strongly negates any such legislative intent. *See*

jurisdiction over "contested elections" to the district courts, and authorizes the legislature to grant standing to qualified voters without a justiciable interest, as election contests are legislative, not judicial, proceedings. *De Shazo* emphasized that requiring a justiciable interest would defeat the purpose of election contests, which is to provide a remedy for fraudulent elections[3]. Id. at 524.

Texas courts have consistently granted standing to qualified voters in election contests without invoking Article III's particularized injury requirement, reinforcing that this federal standard is foreign to Texas election law. See, e.g., *Dacus v. Parker*, 466 S.W.3d 820 (Tex. 2015) (granting standing to qualified voters under § 233.002 to contest a city charter amendment); *In re Morris*, 663 S.W.3d 589 (Tex. 2023) (recognizing voter

---

*Morrow v. Corbin*, 62 S.W.2d 641, 651 (Tex. 1933) (upholding constitutionality of certified question practice, despite characterizing its constitutional basis as "elusive," because exercised for some forty years without challenge). And finding such legislative intent would deprive the public in general of the very means by which the legislature sought to provide a remedy for fraudulent elections, as identified by *De Shazo*." *Jorolan* at 26.

[3] "The capacity conferred by [the statutes in question] on certain parties to contest elections, other than for the purpose of electing officers, is not based on any individual property right; but upon the theory that a remedy should be furnished, legislative in its nature, whereby fraudulent elections may be contested, and the wrong thereby inflicted righted. Massay v. Studer, Tex.Civ.App., 11 S.W.2d 227." De Shazo v. Webb, 113 S.W.2d 519, at 524 (1938)

standing under § 233.002 to challenge ballot language); *True Tex. Project v. Nelson*, 685 S.W.3d 187 (Tex. App.—Amarillo 2024, no pet.) (granting standing to qualified voters under § 233.002 for a constitutional amendment contest)[4]. These cases demonstrate that § 233.002's plain language—"one or more qualified voters of the territory covered by an election on a measure may contest the election"—confers standing without additional injury requirements. Tex. Elec. Code § 233.002.

This Court's reliance on *Norwood* misapplies its holding, as *Norwood* addressed administrative law, not election contests, which are uniquely authorized by the Texas Constitution. *De Shazo* explicitly rejected federal standing concerns, noting that election contests involve no federal question and are governed by Texas's constitutional framework. Id. at 523. ("No contention is made by contestee that the above statutes involve any federal

---

[4] "An election contest is the sole means for adjudicating questions about the validity or outcome of a constitutional amendment election. TEX. ELEC. CODE ANN. § 233.014(g). The statute setting forth the mode of that contest also states that "[o]ne or more **qualified voters** of the territory covered by an election on a measure may contest the election." *Id.* § 233.002 (emphasis added). A "qualified voter" is "a person" who 1) is at least 18 years old, 2) is a United States citizen, 3) is not someone adjudicated to be totally mentally incapacitated or partially mentally incapacitated without the right to vote, 4) has not been finally convicted of a felony (save for several inapplicable exceptions), 5) is a resident of **Texas**, and 6) is a registered voter. *Id.* § 11.002(a)." *True Tex. Project v. Nelson*, 685 S.W.3d 187, at 195.

question.") *De Shazo* at 524. By imposing Article III standing, this Court exceeded its jurisdictional mandate as an intermediate appellate court bound by the Texas Supreme Court and legislative enactments and introduced a novel standard that contravenes over a century of Texas precedent, which has uniformly recognized statutory standing for qualified voters under Tex. Elec. Code § 233.002. The Fifteenth Court's reversal disregards the district court's proper deference to the statutory and constitutional framework, constituting an ultra vires act that undermines the separation of powers and the public policy of ensuring electoral integrity articulated in *De Shazo* and *Jorolan*.

Petitioners, as qualified voters who voted in the November 7, 2023, election (Tex. Elec. Code § 11.002), have standing under § 233.002 to challenge the election's integrity, particularly the alleged improper certification of electronic voting systems, without showing a personalized injury. *Jorolan* at 26. Furthermore, the Fifteenth Court failed to apply the proper standard of review, disregarding the district court's implicit factual findings that Appellees are qualified voters under Tex. Elec. Code § 11.002, entitled to standing under § 233.002. In reviewing a plea to the jurisdiction,

appellate courts must defer to the trial court's factual determinations unless clearly erroneous. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). By imposing a federal Article III standing requirement without regard for the district court's correct application of Texas law, the Fifteenth Court improperly substituted its judgment, further evidencing its ultra vires overreach and abuse of appellate discretion.

## II. The Court's opinion undermines the legislative intent of Tex. Elec. Code § 233, potentially nullifying the ability for the public to contest measures.

The Court's egregious and unprecedented misapplication of Article III standing in election contests, brazenly undermines the legislative intent of Tex. Elec. Code § 233.002, obliterating the ability to meaningfully challenge elections for measures in Texas and subverts the fundamental public policy of safeguarding electoral integrity. By imposing a federal standing requirement unauthorized by statute, the Court effectively rewrote Tex. Elec. Code § 233.002 and encroached on the Texas Legislatures exclusive authority to define election contest procedures. Tex. Elec. Code § 233.002 provides that "one or more qualified voters of the territory covered by an

election on a measure may contest the election." This Court's requirement for a concrete, particularized injury nullifies this statutory grant, as qualified voters typically share the same interest in electoral integrity as the public at large. By imposing a federal Article III standard, never before applied in Texas election contests, the ruling prevents voters from challenging systemic irregularities, leaving no remedy for fraudulent elections on measures, contrary to *De Shazo*, *Jorolan*, *Dacus*, and *True Tex.* Additionally, this ruling could affect other proceedings where standing is based on statute. Tex. Elec. Code § 232.002[5] grants standing to "any candidate in an election" to contest an election for an office, but the precedent of this Court's opinion could limit candidates standing based off their ability to demonstrate a particularized injury. This loss of statutory standing restricts the public's ability to ensure the "purity of the ballot box" under Tex. Const. art. VI, § 4[6] by limiting contestants ability to challenge

---

[5] Sec. 232.002. CONTESTANT. Any candidate in an election may contest the election. Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

[6] Tex. Const. art. VI, § 4. ELECTIONS BY BALLOT; PURITY OF ELECTIONS; REGISTRATION OF VOTERS. In all elections by the people, the vote shall be by ballot, and the Legislature shall provide for the numbering of tickets and make such other regulations as may be necessary to detect and punish fraud and preserve the purity of the

systemic issues that affect all voters. The ruling creates a chilling effect on election contests by imposing a heightened standing barrier that conflicts with the Texas Constitution's grant of jurisdiction over "contested elections" (Tex. Const. art. V, § 8, amended 1891) and the Election Code's remedial framework. It leaves voters without recourse to challenge elections tainted by systemic issues, contravening the public policy of providing a "legislative remedy" for fraudulent elections. *Jorolan* at 23. This restrictive standing requirement not only nullifies § 233.002 but also denies voters access to justice, a cornerstone of Texas election law. *See Blum v. Lanier, 997 S.W.2d 259, 262 (Tex. 1999) (recognizing election contests as critical for voters to challenge electoral irregularities).* By imposing an insurmountable barrier to contesting elections, the Fifteenth Court's ruling thwarts the Legislature's intent to ensure a robust mechanism for safeguarding the "purity of the ballot box," leaving systemic electoral flaws unredressed.

---

ballot box; and the Legislature shall provide by law for the registration of all voters. (Feb. 15, 1876. Amended Aug. 11, 1891, and Nov. 8, 1966.)

16

## III. The Court Erred in Finding Petitioners Failed to Plead a Valid Election Contest.

This Court held that Appellees failed to plead a valid election contest because they did not allege facts showing the election outcome would have been different. *Nelson v. Eubanks*, 2024 WL 4886621, at 9; *Nelson v. Woodward et al.*, 2025 WL 996384, at 5. This misinterprets Tex. Elec. Code § 221.003. Appellees alleged that the improper certification of electronic voting systems rendered all votes cast on improperly certified electronic voting machines illegal votes, making the true outcome unascertainable. *See Appellee's brief at 30-33.* This satisfies Tex. Elec. Code § 221.003[7], which allows a contest if irregularities "materially affected the outcome" or "prevented the true outcome from being determined." Appellees also allege in their petition that Title 8 of the election code is unconstitutional, and

---

[7] Sec. 221.003.  SCOPE OF INQUIRY.  (a)  The tribunal hearing an election contest shall attempt to ascertain whether the outcome of the contested election, as shown by the final canvass, is not the true outcome because: (1)  illegal votes were counted;  or (2)  an election officer or other person officially involved in the administration of the election: (A)  prevented eligible voters from voting; (B)  failed to count legal votes;  or (C)  engaged in other fraud or illegal conduct or made a mistake. (b)  In this title, "illegal vote" means a vote that is not legally countable.  (c)  This section does not limit a provision of this code or another statute expanding the scope of inquiry in an election contest. Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

that state elections have been unconstitutionally federalized. Pique Suppl. CR at 1889. The Official Canvass Report, noting that most propositions passed with over 60% of the vote, does not negate Appellees' claim, as the systemic defect alleged undermines the entire vote count's reliability. The Fifteenth Court erroneously required Appellees to prove a different outcome at the pleading stage, ignoring their allegations of systemic irregularities that rendered the outcome unascertainable. *Nelson v. Woodward et al.*, 2025 996384, at 5. Appellees are not required to prove a different outcome at the pleading stage but only to allege a material impact, which they have done. See *Jorolan* (accepting similar allegations as sufficient to invoke jurisdiction). Moreover, the Fifteenth Court mischaracterized the scope of Appellees' election contest, erroneously requiring proof at the pleading stage that the election outcome would have been different. Tex. Elec. Code § 221.003 permits a contest when irregularities render the true outcome unascertainable, as alleged here regarding systemic defects in voting system certification. By imposing an unauthorized pleading burden, the Court exceeded its jurisdictional authority, further undermining the remedial purpose of election contests. *See Blum v. Lanier*, 997 S.W.2d 259, 262 (Tex.

1999) (recognizing the broad scope of election contests to address systemic issues).

## IV. The Court's ruling risks inconsistent application of election contest standing across Texas courts.

The Fifteenth Court's imposition of Article III standing creates a dangerous precedent that diverges from the uniform application of Tex. Elec. Code § 233.002, as upheld by the Second Court of Appeals in *Jorolan v. Eads* and the Seventh Court of Appeals in *True Tex. Project v. Nelson*. These courts correctly held that § 233.002 grants standing to qualified voters without federal standing requirements. By adopting a conflicting standard, the Fifteenth Court sows uncertainty in Texas election law, risking disparate treatment of election contests across jurisdictions. This inconsistency undermines the Texas Supreme Court's directive to ensure uniform statutory interpretation, particularly in matters of public importance like electoral integrity. *See In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 470 (Tex. 2011) (emphasizing the need for consistent application of state law). Rehearing is necessary to restore alignment with Texas precedent and prevent a fractured legal landscape that erodes public trust in the judiciary.

**V. The Court's Ruling Violates Due Process by Denying Appellees' Statutory Right to Contest the Election.**

By imposing an unauthorized Article III standing requirement, the Fifteenth Court deprived Appellees of their statutory right to contest the election under Tex. Elec. Code § 233.002, violating due process under the Texas Constitution. *Nelson v. Woodward et al.*, 2025 WL 996384, at 4; *See Appellee's brief at 20-21*; Tex. Const. art. I, § 19. The Legislature's grant of standing to qualified voters creates a protected interest in challenging electoral irregularities. *See Univ. of Tex. Med. Sch. at Hous. v. Than, 901 S.W.2d 926, 929 (Tex. 1995) (holding that statutory entitlements create interests protected by due process); Blum v. Lanier, 997 S.W.2d 259, 262 (Tex. 1999) (recognizing the statutory right to challenge election measures as a valuable voter remedy).* The Court's ultra vires act nullified this right without legal basis, denying Appellees a meaningful opportunity to seek redress and undermining the constitutional guarantee of electoral integrity. Rehearing is essential to restore Appellees' due process protections.

## Prayer

For the foregoing reasons, Appellees respectfully move the court to (A) Grant this motion for rehearing; (B) set aside the April 10, 2025, order dismissing the election contest for lack of jurisdiction; (C) Reinstate the case for further proceedings on the merits; (D) Set a hearing on this motion, if necessary; and (E) Grant such other and further relief to which Petitioners may be justly entitled.

Respectfully submitted,

*s/ Michelle Piqué*　　*s/ Sharon Jorolan*　　*s/ Shannon Huggins*
MICHELLE PIQUÉ　　SHARON JOROLAN　　SHANNON HUGGINS
*Pro Se Appellees*

## CERTIFICATE OF COMPLIANCE

Appellees In accordance with Texas Rule of Appellate Procedure 9.4(i)(3), certify that this document was generated by a computer using Microsoft Word which indicates that the word count of this document is 3,388, excluding exempted text.

*s/ Michelle Piqué*     *s/ Sharon Jorolan*     *s/ Shannon Huggins*

MICHELLE PIQUÉ    SHARON JOROLAN    SHANNON HUGGINS

*Pro Se Appellees*

# CERTIFICATE OF SERVICE

I certify that on April 24, 2025, a copy of the above styled motion was filed and served via the EFSP (efiletexas.gov) for the Court of Appeal of the Fifteenth District:

ATTORNEYS FOR DEFENDANT

Kimberly Gdula- Chief
Texas Bar No. 24052209
Kimberly.gdula@oag.texas.gov

William D. Wassdorf
Texas Bar No. 24103022
will.wassdorf@oag.texas.gov

Stephanie A Criscione
Texas Bar No. 24109768
stephanie.criscione@oag.texas.gov

Assistant Attorneys General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
512-463-2120 Phone
512-320-0667 Fax

Respectfully Submitted,

s/ Michelle Piqué      s/ Sharon Jorolan      s/ Shannon Huggins
MICHELLE PIQUÉ    SHARON JOROLAN    SHANNON HUGGINS
                                                                PO Box 533
                                                                Snook, TX 77878
                                                                      *Pro Se Appellees*

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100061254
Filing Code Description: Motion for Rehearing
Filing Description: Motion for rehearing
Status as of 4/24/2025 4:34 PM CST

Associated Case Party: Shannon Huggins

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Shannon Huggins | | freetx1876@gmail.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Michelle Pique

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Michelle Pique | | piquepink@gmail.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Sharon Jorolan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Sharon Jorolan | | sjorolan@outlook.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Jane Nelson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| William Wassdorf | | will.wassdorf@oag.texas.gov | 4/24/2025 4:28:36 PM | SENT |
| Stephanie Criscione | | stephanie.criscione@oag.texas.gov | 4/24/2025 4:28:36 PM | SENT |
| Laura Hendrix | | laura.hendrix@oag.texas.gov | 4/24/2025 4:28:36 PM | SENT |
| Carrisa Stiles | | carrisa.stiles@oag.texas.gov | 4/24/2025 4:28:36 PM | ERROR |

Associated Case Party: Jarrett Woodward

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Jarrett Woodward | | digging4au@protonmail.com | 4/24/2025 4:28:36 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100061254
Filing Code Description: Motion for Rehearing
Filing Description: Motion for rehearing
Status as of 4/24/2025 4:34 PM CST

Associated Case Party: Heather Couchman

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Heather Couchman | | HeatherNTX@protonmail.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Tommie Dickinson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Tommie Dickinson | | Tjdickinson316@gmail.com | 4/24/2025 4:28:36 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elena Eydelman-Natividad | | elena.eydelman-natividad@oag.texas.gov | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Travis Eubanks

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Travis Eubanks | | travis.eubanks@gmail.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Madelon Highsmith

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Madelon Highsmith | | mhighsmith@mac.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Lars Kuslich

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100061254
Filing Code Description: Motion for Rehearing
Filing Description: Motion for rehearing
Status as of 4/24/2025 4:34 PM CST

Associated Case Party: Lars Kuslich

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lars Kuslich | | blanket113@protonmail.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Amber Cloy

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amber Cloy | | Amberb2222@yahoo.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Traci Jones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Traci Jones | | jones_traci24@hotmail.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Sharon Cotton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sharon Cotton | | sharon.cotton53@icloud.com | 4/24/2025 4:28:36 PM | SENT |

Associated Case Party: Amanda Eubanks

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amanda Eubanks | | amanda.eubanks710@gmail.com | 4/24/2025 4:28:36 PM | SENT |